UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    Petitioner,

v.                                            **Case No.: 8:10-MC-157-T-27EAJ**

**JERRY BURDICK as Vice President of
Suzie Q's Diner, and SUSAN McCONNELL
as President of Suzie Q's Diner,**

    Respondents.
_____/

**REPORT AND RECOMMENDATION**

Before the court is the government's **Petition to Enforce Internal Revenue Service Summons** (Dkt. 1),[1] the **Declarations** of Revenue Officer Nichole Garrett (Dkt. 1 Ex. 1, 3), and the **Summonses** attached thereto (Dkt. 1 Ex. 2, 4).

For the purpose of ascertaining the correctness of any return or determining a person's tax liability, the Secretary of the Treasury is authorized to "examine any books, papers, records, or other data which may be relevant or material to such inquiry" and to summon the person liable for such tax, or an officer or employee of such person, to appear before the Secretary and to "produce such books, papers, records, or other data, and to give such testimony under oath as may be relevant or material to such inquiry." 26 U.S.C. § 7602(a) (2006). A district court has jurisdiction to "compel such attendance, testimony, or production of books, papers, records, or other data." Id. at § 7604(a). To enforce a summons, the government must show that:

    (1) the summons was issued for a legitimate purpose;

---

[1] The District Judge referred the motion to the undersigned. (Dkt. 2). See 28 U.S.C. § 636(b) (2006).

> (2) the information sought is relevant to that purpose;
> (3) the information sought is not already within the Commissioner's possession; and
> (4) the appropriate administrative steps have been followed – in particular, that the Secretary or his delegate, after investigation, has determined further investigation is necessary and notice has been provided to the taxpayer in writing.

Unites States v. Powell, 379 U.S. 48, 58 (1964). As part of the appropriate administrative steps, the district court must obtain jurisdiction over the taxpayer by issuing a show cause order directing the taxpayer to show why the summons should not be enforced. See United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir. 1987).

The IRS is investigating the federal income tax liability of Respondents Jerry Burdick and Susan McConnel as officers of Suzie Q's Diner, located in Seminole, Florida. Revenue Officer Nichole Garrett ("Officer Garrett") personally served each Respondent with a summons on July 21, 2010. The summonses directed Respondents to appear before an IRS officer on August 19, 2010 to give testimony and produce records relating to their tax liability. Respondents failed to appear. As a result, the government filed the present petition to enforce the summonses. The government avers that there is no Department of Justice referral that would preclude the summonses. See 26 U.S.C. § 7602(d) (2006).

On December 30, 2011, the court ordered Respondents to show cause why they should not be compelled to comply with the summonses (Dkt. 3). Respondents appeared before the undersigned for a hearing on the matter on March 3, 2011. Respondents did not take issue with the summonses or dispute their validity. Instead, Respondents stated that they were not aware of the summonses and that their accountant and payroll company never informed them of their tax liability. Respondents agreed to comply with the summonses, but they requested ninety (90) days to comply so that they could hire a new accountant and gather payroll records. The government agreed to the

proposed ninety (90) day compliance period.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Within ninety (90) days of the District Judge's approval of this Report and Recommendation and entry of an order enforcing the IRS summons, Respondent shall produce the requested documents to Officer Garrett;

(2) If testimony is necessary, Respondent shall appear before Officer Garrett within ten (10) days of producing the requested documents, at a time determined by Officer Garrett.

(3) The Clerk of Court shall add Respondents' mailing address to the docket and mail a copy of this report and recommendation and a copy of the District Judge's order to Respondents at: 9124 Seminole Blvd, Seminole, FL 33772.

**Date: March 4, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).

Copies to:
District Judge
Counsel of Record